## STATE v. BEN RATNER.[1]

June 18, 1926.

No. 25,424.

**No question for review presented by record.**
    The record is so incomplete that it presents no question which this court can review.

Criminal Law, 17 C. J. p. 167 n. 78.

Defendant appealed from a judgment of the municipal court of Minneapolis, Fosseen, J., finding him guilty of operating a grocery store without a license. Affirmed.

*S. Friedman,* for appellant.

*Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for respondent.

[1]Reported in 209 N. W. 489.

TAYLOR, C.

This is an appeal from a judgment of the municipal court of the city of Minneapolis entered December 29, 1925. The record contains what we assume is a copy of the minutes of the court. In these minutes under the date of December 9, 1925, there are entries to the effect that H. M. Burke made a complaint charging defendant with operating a store on December 8, 1925, without a license, contrary to the provisions of an ordinance of the city; that defendant was arraigned and entered a plea of not guilty; that the cause was continued to December 14, 1925; and that a complaint was filed. Under the date of December 14, 1925, the only entry is that the cause was continued to December 29, 1925. Under the latter date there is the following entry:

"December 29, 1925, cause called, defendant being in court. Whereupon A. Marxen is sworn and testifies in behalf of the State and defendant in his own behalf, testimony closed, whereupon defendant adjudged guilty, whereupon it is ordered that defendant be imprisoned [in] the workhouse of the City of Minneapolis for the term of forty-five days."

Although the notice of appeal is not printed as required by the rule, an inspection of the return shows that the appeal is from this judgment. The judgment shows that it was rendered upon the testimony of the witness Marxen and of the defendant, but none of this testimony is in the record. There is no settled case showing anything that took place at the trial held on December 29, 1925. Under the date of December 9, 1925, the minutes state that a complaint was filed, which of course means a written complaint. There is no such complaint in the record, and in its absence we must take for granted that it was sufficient in form and substance to sustain the judgment. As the record stands, we have only the bare judgment with nothing to impugn its validity or correctness.

On December 14, 1925, Martin Ginsberg made a complaint charging defendant with conducting a grocery business at No. 1726 Eighth avenue North, on December 11, 1925, without having a food license so to do, contrary to the provisions of an ordinance of the city.

There is a settled case containing the testimony given on December 14, 1925, by Martin Ginsberg and P. T. Ebbs together with some documentary evidence. This complaint and this settled case are included in the return, but there is nothing to show that either had any connection with the prosecution which resulted in the judgment of December 20, 1925. The complaint was made by a different person and charges an offense committed at a different time. The settled case makes no mention of the trial of December 29, 1925, nor of the witnesses named in the judgment as testifying at that trial. So far as appears it contains evidence relating to an entirely different prosecution.

The record is so incomplete and uncertain that it presents nothing which this court can review. It follows that the only action we can take is to affirm the judgment.

So ordered.